UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

November 6, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Kipcon, Inc. v. D.W. Smith Associates, LLC, et al.*
   Civil Action No. 17-3190 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants' D.W. Smith Associates, LLC ("D.W. Smith Associates"), Lynn Voorhees, Eugene Kazmier, and Jennifer Nevins (collectively "Defendants") Motion to Dismiss Plaintiff Kipcon, Inc.'s ("Kipcon") Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 10).[1] Plaintiff filed a brief in opposition (ECF No. 12), and Defendants filed a reply brief (ECF No. 15). The Court has considered the parties' submissions, and will resolve the matter without oral argument. *See* L.Civ.R. 78.1(b). For the following reasons, the Court will grant Defendants' motion and will dismiss Plaintiff's claims without prejudice.

## I.   BACKGROUND

The following background is taken from the allegations in Kipcon's Complaint, and accepted as true at this stage of the proceedings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff Kipcon, Inc., is an engineering firm incorporated in New Jersey. (ECF No. 1 at 1, 3.) Defendant Lynn Voorhees was employed at Kipcon as the Director of Business and Development/Senior Project Manager from 1993 until 2012. (*Id.* at 3.) Voorhees voluntarily left her position at Kipcon and immediately began working for Defendant D.W. Smith Associates, an engineering firm that competes with Kipcon. (*Id.*) Defendant Eugene Kazmier was employed at Kipcon as a Project Manager from 2007 until he was terminated in 2008. (*Id.*) After his termination, Kazmier began working for D.W. Smith Associates. (*Id.*) Defendant Jennifer Nevins is the President of D.W. Smith Associates. (*Id.*)

As an engineering firm, Kipcon has developed proprietary and copyrighted works, including "Reserve Studies for Community Associations" and "Transition Reports for Community Associations." (*Id.*) Voorhees and Kazmier had access to Kipcon's proprietary and copyrighted

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by the designation of "ECF No." Pincites reference ECF pagination.

works as employees, including "Reserve Studies for Community Associations" and "Transition Reports for Community Associations." (*Id.*) They also had access to template computer files used to create the copyrighted works, as well as Kipcon's customer e-mail list. (*Id.*) Voorhees and Kazmier each used Kipcon's form template computer files and proprietary and copyrighted works to prepare "numerous" Reserve Studies and Transition Studies. (*Id.*)

On October 18, 2006, February 14, 2007, May 17, 2010, and August 1, 2010, Voorhees sent e-mail messages from her Kipcon e-mail address to her personal e-mail address containing attachments of Kipcon's form template computer files. (*Id.* at 4.) Kipcon alleges that Voorhees and Kazmier, when employed at D.W. Smith Associates, used Kipcon's proprietary and copyrighted works and the form template computer files to prepare Reserve Studies and Transition Studies for D.W. Smith Associates. (*Id.*) Specifically, Kicpon alleges that its proprietary and copyrighted works were infringed when: (1) Voorhees and D.W. Smith Associates created a Reserve Study for Trendmaker Homes North at Quailbrook Condominium Association in 2013; (2) Voorhees, Kazmier, and D.W. Smith Associates created a Reserve Study for Lake Como Condominium Association in 2016; and (3) D.W. Smith Associates created a Transition Study for Lake Como Condominium Association in 2016. (*Id.*)

On May 5, 2017, Kipcon initiated this matter by filing a ten-count complaint. (ECF No. 1.) Kipcon alleges that: Defendants have directly infringed Kipcon's copyrighted works, specifically the Reserve Study and Transition Study (Count One); D.W. Smith Associates and Nevins are contributorily liable for inducing the copyright infringement (Count Two); Defendants have maliciously interfered with Kipcon's prospective economic advantage by using Kipcon's proprietary and copyrighted works (Count Three); Defendants have intentionally interfered with Kipcon's prospective economic advantage by using Kipcon's proprietary and copyrighted works (Count Four); Voorhees improperly used and/or disclosed Kipcon's trade secrets (Counts Five and Seven); D.W. Smith Associates, Kazmier, and Nevins improperly used Kipcon's trade secrets (Count Six); Defendants aided in the commission of torts against Kipcon (Count Eight); Defendants conspired to commit torts against Kipcon (Count Nine); and Voorhees and Kazmier breached contracts with Kipcon (Count Ten). (*Id.* at 4-13.)

## II. **LEGAL STANDARD**

### A. **Standard of Dismissal under Rule 12(b)(1)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). When ruling on a Rule 12(b)(1) motion, the Court first determines whether the motion is a facial or factual attack against the pleadings. *Harris v. Kellogg Brown & Root Servs. Inc.*, 724 F.3d 458, 464 (3d Cir. 2013); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (finding that a motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings"). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F.

2

Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B. Standard of Dismissal under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief may be granted. When evaluating a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In other words, a complaint survives a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of a plaintiff's factual pleadings, a court must take three steps: First, the court must take note of the elements a plaintiff must plead to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citations and quotation marks omitted). Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Id.* However, "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citation omitted).

## III. DISCUSSION

### A. Copyright Infringement Claims (Counts One and Two)

Defendants argue that Kipcon's claims for direct copyright infringement (Count One) and contributory copyright infringement (Count Two) must be dismissed for failure to state a claim. (ECF No. 10-1 at 6-10.) Defendants contend that possession of a valid copyright registration is a prerequisite to filing an infringement action, and the Court must dismiss both infringement claims because Kipcon has failed to register the subject works or allege the existence of a valid copyright registration. (*Id.* at 4-6.) Kipcon argues that this Court should adopt the "application approach," meaning that a claim for copyright infringement may proceed as long as an application for a copyright has been filed, rather than apply the "registration approach" as argued by Defendants. (ECF No. 12 at 9-18.) Both parties agree that there is a circuit split on the question of whether to use the "application approach" or "the registration approach," and that the Third Circuit has not definitively resolved the question. (ECF No. 12 at 11-17; ECF No. 15 at 5-7.)

Kipcon contends that it has satisfied both the application approach and the registration approach (ECF No. 12 at 17-18), and has appended a supplemental certification and exhibits to its opposition brief (ECF Nos. 12-3, 12-4, 12-5, 12-6, 12-7). Defendants respond that Kipcon's claims must be dismissed under either the "registration approach" or the "application approach" because the Complaint contains no allegations of a valid copyright registration or an application for a copyright. (ECF No. 15 at 7-9.) According to Defendants, the Court should not consider the

3

supplemental materials that Kipcon has submitted in conjunction with its opposition brief because the Court is confined to reviewing the allegations in the Complaint and because Kipcon's copyright applications were submitted to the Copyright Office after the filing of the Complaint and after Defendants had moved to dismiss the Complaint. (*Id.* at 8-9.)

To establish direct copyright infringement under the Copyright Act, a plaintiff must demonstrate: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce copyrighted material." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (citation and internal quotations omitted). "One infringes contributorily by intentionally inducing or encouraging direct infringement[.]" *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). For contributory infringement, a plaintiff must demonstrate that the defendant "knew that the third party was directly infringing" and that the defendant "materially contributed to or induced the infringement." *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 387 (3d Cir. 2016). The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). As noted by the parties, the federal Courts of Appeals are divided in interpreting this section as to whether it requires the issuance of a certificate of registration prior to allowing a plaintiff to bring suit (the "registration approach") or whether a pending application for a copyright is sufficient to allow a plaintiff to bring an infringement action (the "application approach").

The Court need not resolve the legal question of which approach to apply. Kipcon's Complaint contains neither a specific allegation that Kipcon has a valid copyright registration nor one that Kipcon has applied for a copyright. Instead, Kipcon has attempted to supplement its Complaint with additional factual allegations and evidentiary submissions in its opposition to the motion to dismiss, rather than file an amended complaint. (*See, e.g.*, ECF Nos. 12-3, 12-4, 12-5, 12-6, 12-7.) The Court, when considering a motion to dismiss filed pursuant to Rule 12(b)(6), generally may not "consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). There are a few exceptions to this rule, including documents integral to or explicitly relied upon in the pleadings. *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004). It is axiomatic, however, that the complaint may not be amended by the briefs in opposition to a motion to dismiss. *See Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Likewise, inadequate factual allegations in a complaint cannot be remedied by statements in the plaintiff's brief. *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 601 (D.N.J. 2015).

The Court has not considered the supplemental documents provided by Kipcon and expresses no opinion on whether these additional allegations would be sufficient to state a claim for relief.[2] *See Burlington Coat Factory*, 114 F.3d at 1426. Solely evaluating the Complaint, the

---

[2] If Kipcon wants the Court to consider the supplemental allegations and supporting documents provided in its opposition to the motion to dismiss, then it may file an Amended Complaint in

4

Court finds that Kipcon has not made the requisite allegation of a valid copyright registration or pending copyright application, and thus has failed to state a claim under either the "registration approach" or the "application approach." *See Iqbal*, 556 U.S. at 678. Kipcon's bald assertions in its Complaint of copyright infringement without specifying a valid registration or pending application are insufficient to survive a motion to dismiss. *See Sands*, 502 F.3d at 268. For these reasons, the Court will grant Defendants' motion and dismiss without prejudice Count One and Count Two.

### B. State Law Claims (Counts Three through Eight)

Kipcon alleges that this Court has subject matter jurisdiction over the two infringement claims, 28 U.S.C. §§ 1331, 1338 (Counts One and Two), and supplemental jurisdiction over the remaining state law claims, 28 U.S.C. § 1367 (Counts Three through Eight). (ECF No. 1 at 2; ECF No. 12 at 19.) Defendants request the Court to dismiss Plaintiff's state law claims because, absent the two infringement claims sounding in federal law, the Court lacks subject matter jurisdiction over the matter. (ECF No. 10-1 at 10–12.)

A district court may decline supplemental jurisdiction over claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 320 (D.N.J. 2015) (quotation omitted), *aff'd*, 657 F. App'x 134 (3d Cir. 2016). Indeed, the Third Circuit has used even stronger language to describe the Court's obligations under the statutory provision. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). Because all federal claims have been dismissed and this matter remains at the early stages of litigation, the Court declines to exercise supplemental jurisdiction over the remaining eight state law claims. Counts Three through Eight will be dismissed without prejudice.

---

accordance with the Federal Rules of Civil Procedure and local court rules. Defendants would then have the opportunity to move to dismiss an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion and dismisses the Complaint without prejudice. Plaintiff may file an Amended Complaint by November 27, 2017 without moving for leave to do so. If Plaintiff fails to file an Amended Complaint by November 22, 2017, the Court will instruct the Clerk of the Court to close this case. The Court will enter an appropriate order.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE